# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 22-CV-22329-GAYLES/TORRES

LAZARO DEJESUS ARMENTEROS,

      Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
the Social Security Administration,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' cross motions for summary judgment filed by Lazaro DeJesus Armenteros ("Plaintiff"), [D.E. 17], and Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), [D.E. 19].  Under the limited standard of review that governs this case, the Court finds that the motions are ripe for disposition and that substantial evidence supports the ALJ's determination.[1]  For the reasons stated below, Plaintiff's motion for summary judgment [D.E. 17] should be **DENIED**, Defendant's motion for summary judgment [D.E. 19] should be **GRANTED**, and the decision of the Administrative Law Judge ("ALJ") should be **AFFIRMED**.

---

[1] This matter was referred to the undersigned for disposition. [D.E. 4].

## I.     *FACTUAL AND PROCEDURAL BACKGROUND*

On February 17, 2017, Plaintiff filed an application for Social Security Disability benefits wherein he alleged a disability beginning on January 10, 2017. As the claim progressed through Defendant's ranks, it was denied at every turn. But on appeal at the Southern District of Florida, Plaintiff's claim was remanded for further consideration by the Commissioner. On December 7, 2019, while Plaintiff's appeal was pending before this Court, Plaintiff filed a separate application for Social Security Disability benefits, which alleged a disability onset date of March 19, 2019. The remanded application and the subsequent application were consolidated into one proceeding. Ultimately, the ALJ found that Plaintiff has been disabled since April 5, 2021; however, the ALJ also found that Plaintiff was *not* disabled prior to that date. Therefore, on this appeal, Plaintiff challenges Defendant's finding that he was not entitled to Social Security Disability benefits from January 10, 2017, through April 4, 2021.

At step one of the five-step sequential process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 5, 2021. The ALJ found at step two that Plaintiff had the severe impairments of post-traumatic stress disorder ("PTSD"), major depressive disorder, anxiety disorder, and degenerative joint disease of the bilateral knees and left shoulder. The ALJ then determined at step three that his severe impairments did not meet any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to moving to step four, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform:

> [S]edentary work as defined in 20 CFR 404.1567(a) except he can never climb ladders, ropes, and scaffolds; can occasionally climb ramps and stairs; can occasionally stoop; can occasionally balance; can occasionally kneel, crouch, and crawl; can frequently reach shoulder height and above with the left upper extremity; must avoid concentrated exposure to extreme cold, extreme heat and humidity, and wetness; must avoid concentrated exposure to vibrations; must avoid concentrated exposure to hazards; can understand and remember simple instructions; can perform simple routine and repetitive tasks; can make simple work-related decisions; is able to interact occasionally with supervisors, coworkers, and the general public; can perform occupations which do not require fast paced production; and can adequately adapt to simple, gradual changes in the workplace.

[D.E. 14-1 at 12]. The ALJ then proceeded to step four and determined that Plaintiff has not had the RFC to perform any past relevant work since April 5, 2021. The ALJ then proceeded to step five and found that, prior to April 5, 2021, there were significant jobs in the national economy that Plaintiff could have performed but since that date – i.e., Plaintiff's 50th birthday – there were no jobs in the national economy that Plaintiff could have performed.

On June 8, 2022, the Appeals Council denied Plaintiff's request to review the ALJ's decision. Plaintiff then filed this action seeking judicial review of the administrative proceedings pursuant to 42 U.S.C. § 405(g). Accordingly, this action is now ripe for disposition.

## II.  STANDARD OF REVIEW

Judicial review of an ALJ's final decision is limited to an inquiry into whether there is substantial evidence in the record to support the ALJ's findings, and whether

3

the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Kelley v. Apfel*, 185 F.3d 1211, 1212 (11th Cir. 1999). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing *Richardson*, 402 U.S. at 401); *see also Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996)).

In testing for substantial evidence, a court is not to "reweigh the evidence" or "decide the facts anew." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Instead, so long as an ALJ's findings are supported by substantial evidence, a court must defer to the ALJ's decision even if the evidence may preponderate against it. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004); *see also Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings."); *Miles*, 84 F.3d at 1400; 42 U.S.C. § 405(g). However, no presumption of validity attaches to the Commissioner's conclusions of law. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). A court also reviews an ALJ's decision to determine whether the correct legal standards were applied. *See Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). In this respect, "the ALJ has a basic obligation to develop a full and fair record," as a hearing before an ALJ is not an adversary proceeding. *Id.*

4

Ultimately, it is the function of the Commissioner to resolve conflicts in the evidence and to assess the credibility of the witnesses. *See Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). It is also the responsibility of the Commissioner to draw inferences from the evidence, and those inferences cannot be overturned if they are supported by substantial evidence. *See Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, a court's responsibility is to ensure that the proper legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).

### III. ANALYSIS OF DISABILITY DETERMINATION

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or is expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the burden of producing evidence that proves her or she meets this statutory definition. "The social security regulations establish a five-step evaluation process, which is used to determine disability for both SSI and DIB claims" and "[t]hese regulations place[] a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Spencer v. Heckler,* 765 F.2d 1090, 1093 (11th Cir. 1985)). The steps are followed in order to determine if the claimant is disabled.

An ALJ must first determine whether the claimant is presently employed. If so, a finding of non-disability is made, and the inquiry ends. *See* 20 C.F.R. §

404.1520(b). In the second step, an ALJ must determine whether the claimant suffers from a severe impairment or combination of impairments. If an ALJ does not make such a finding, then the inquiry ends. *See id.* at § 404.1520(c). At step three, an ALJ compares the claimant's impairments with specific impairments under the regulations that require a finding of disability without further inquiry into the claimant's ability to perform other work. *See Gibson v. Heckler*, 762 F.2d 1516, 1518 (11th Cir. 1985) ("Certain impairments are so severe either when considered alone or in conjunction with other impairments that, if such impairments are proved, the regulations require a finding of disability without further inquiry into the claimant's ability to work."). If the claimant's impairment meets or equals a listed impairment, the claimant's disability is presumed, and benefits are awarded. *See* 20 C.F.R. § 404.1520(d).

Step four involves a determination of whether the impairments prevent the claimant from performing past relevant work. If the claimant cannot perform past relevant work, then a prima facie case of disability is established. An ALJ assesses a claimant's RFC prior to this stage, based on the other relevant evidence, to determine the extent of a claimant's ability to work despite the alleged impairments. *See id.* at § 416.945(a)(1). A claimant's RFC is an administrative finding of fact concerning the claimant's maximum remaining capacity to perform work-related physical and mental activities on a regular and continuing basis despite the functional limitations and environmental restrictions imposed by his or her medically determinable impairment(s).

6

When making this finding, an ALJ is required to identify the limitations and/or restrictions imposed by the claimant's impairments and then assess his or her work-related abilities on a function-by-function basis. Only upon the conclusion of this function-by-function analysis may an ALJ express the claimant's RFC in terms of the exertional levels of work (i.e., sedentary, light, medium, heavy, and very heavy).

This leads to step five – the final inquiry – where the burden shifts to the Commissioner to show that there is other work available in the national economy that the claimant can perform based on the claimant's RFC, work experience, education, and age. *See id.* at § 404.1520(e)-(f).

On appeal, Plaintiff asserts that the ALJ's decision must be remanded for two reasons: (1) the ALJ failed to follow the treating physician rule and otherwise improperly weighed the medical opinions in the record; and (2) the ALJ failed to properly assess Plaintiff's subjective symptoms. We are not persuaded by these arguments because, to a great extent, Plaintiff is asking this Court to reweigh the evidence presented to the ALJ, which is not something this Court is allowed to do.

Plaintiff's first argument relates to the opinion rendered by his treating physician, Dr. Bencomo. The parties agree that, because of when Plaintiff filed his original claim, the ALJ was generally required to give the opinions of treating physicians controlling weight. But the parties also agree that the ALJ is not required to give the opinion such deference if "good cause" exists to discount the treating physician's opinion. *See, e.g., Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir.

2003). Good cause may exist when, for example, the treating physician's opinion is inconsistent with the treating physician's medical records. *Id.*

Here, the ALJ discounted Dr. Bencomo's opinion, giving it only "partial" weight, because the ALJ found that his opinion was not supported by his own treatment records. Indeed, the ALJ acknowledged that Dr. Bencomo's treatment records routinely documented normal mental status examinations regarding Plaintiff's appearance, behavior, cooperation, eye contact, alertness, communicative ability, mood, thought processes, and concentration. The ALJ also observed that, despite the serious nature of Plaintiff's alleged mental impairments, Plaintiff was never hospitalized for psychiatric treatment. The ALJ therefore relied upon substantial evidence in the record to conclude that Dr. Bencomo's opinion was "overly dire" and "not consistent" with the record, which in turn caused the ALJ to discount the weight given to Dr. Bencomo's opinion. In other words, the ALJ found "good cause" to discount Dr. Bencomo's opinion. This was a proper exercise of the ALJ's discretion and, moreover, qualifies as sufficiently articulated to enable meaningful appellate review.

Plaintiff makes many arguments regarding other evidence in the record that supports Dr. Bencomo's opinion; however, each of these arguments necessarily invite the Court to reweigh the evidence presented to ALJ and thereby substitute our judgment for that of the Commissioner. Because the ALJ relied upon substantial evidence in the record to discount Dr. Bencomo's opinion, reversal for this alleged error is not warranted.

Plaintiff separately challenges the ALJ's decision to discount the opinions of non-treating physicians Dr. Spar-Alexander and Dr. Smith. Like the ALJ's decision to discount the opinion of Dr. Bencomo, however, the decisions to discount the respective opinions of Dr. Spar-Alexander and Dr. Smith were based on substantial evidence in the record. The ALJ found that both opinions were inconsistent with the record as a whole and, with respect to Dr. Smith, the ALJ found that her opinion was also internally inconsistent. For example, although Dr. Smith was able to opine on Plaintiff's ability to carry out detailed instructions, she was unable to offer an opinion regarding Plaintiff's ability to carry out simple, one-to-two step instructions. Here, Plaintiff's challenge to the ALJ's findings also fails because these findings were based on substantial evidence.

Plaintiff also submits that the ALJ improperly rejected the disability determination made by the Department of Veterans Affairs ("VA"). Although a disability determination made by another federal agency may provide insight for an ALJ, the VA's disability determination is not binding on the Commissioner because the agencies employ different rules regarding what constitutes a disability. *Compare* 38 C.F.R. § 3.340(a)(1) *with* 42 U.S.C. §§ 423(a)(1), (d)(1); *see also* SSR 06-03p, 2006 WL 2329939, at *6-7 (Aug. 9, 2006). After recognizing that the VA's disability determination was based on standards that were fundamentally different from the Commissioner's standards, the ALJ discounted the VA's evidence because it was inconsistent with other substantial evidence in the record. Accordingly, we find no reversible error here.

And with respect to the state agency reviewers, Plaintiff argues that the ALJ improperly gave these opinions more weight than they were due in light of the evidence he has highlighted in the record. But the ALJ actually discounted these medical opinions as well, assigning only "partial" weight to the opinions of Dr. Wharry and Dr. Mannis because they were not consistent with substantial evidence in the record. Therefore, again, Plaintiff's argument boils down to the fact that he does not agree with the ALJ's conclusions and therefore wants this Court to reweigh the evidence in the record for the purpose of undermining the judgments made by the ALJ. But this argument fails again because the ALJ's judgments were based upon substantial evidence in the record.

Finally, Plaintiff submits that the ALJ improperly discounted his subjective complaints. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the ALJ also found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were inconsistent with objective medical evidence in the record. Pointing to the routinely "normal" mental status examinations in Dr. Bencomo's records, the lack of hospitalizations for psychiatric treatment, and Plaintiff's own description of his daily activities, the ALJ discounted Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms. Like the balance of Plaintiff's claims on this appeal, we are persuaded that the ALJ's decision here was based on substantial evidence. It was therefore not "clearly wrong" for the ALJ to discount Plaintiff's subjective statements. *See Wilson v. Barnhart*, 284

F.3d 1219, 1226 (11th Cir. 2002) (holding that the ALJ properly discounted subjective complaints because those complaints were inconsistent with objective medical evidence in the record); *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938-39 (11th Cir. 2011) ("The question is not, as Werner suggests, whether ALJ could have reasonably credited his testimony, but whether the ALJ was clearly wrong to discredit it.") (footnote omitted). Thus, in sum, the ALJ is due to be affirmed.

## IV. CONCLUSION

Substantial evidence supports the ALJ's findings as noted in her partially favorable decision. The ALJ's conclusion applied proper legal standards and any errors therein did not prejudice Plaintiff and were harmless. For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment [D.E. 17] be **DENIED**, that Defendant's motion for summary judgment [D.E. 19] be **GRANTED**, and that the decision of the Commissioner be **AFFIRMED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 24th day of August, 2023.

> */s/ Edwin G. Torres*
> EDWIN G. TORRES
> United States Magistrate Judge